United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 03-20170**

---

**GUADALUPE GUAJARDO, JR.; CLASS ACTION FOR TEXAS INMATES #844,**

**Plaintiffs-Appellants,**

**versus**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court
for the Southern District of Texas**

---

Before DUHÉ, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:

At issue is the district court's terminating the prospective relief provided by a 20-year-old consent decree concerning Texas prison correspondence rules, pursuant to motion by the Texas Department of Criminal Justice (TDCJ) under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified as amended at 18 U.S.C. § 3626(b)(2))(PLRA). Essentially for the reasons stated by the district court, *see Guajardo v. Texas Department of Criminal Justice, et al.*, No. H-71-570 (S.D. Tex. filed 24 Sept. 2002)(*Guajardo*), the judgment is **AFFIRMED**.

I.

This litigation began approximately 33 years ago, resulting in this class action challenging the constitutionality of Texas prison correspondence rules and practices (the rules). An agreed settlement, approved in 1983, revised the rules (the consent decree). *Guajardo v. Estelle*, 568 F. Supp. 1354 (S.D.Tex. 1983). The consent decree has been modified by stipulation on several occasions. In September 2002, following discovery, and through an extremely detailed 54-page opinion and order, the district court granted TDCJ's motion, filed in 1997, to terminate the prospective relief provided by the consent decree.

II.

Institutional consent decrees are "not intended to operate in perpetuity". *Bd. of Educ. v. Dowell*, 498 U.S. 237, 248 (1991). The PLRA strongly disfavors continuing relief through the federal courts; indeed, its "fundamental purpose" was to extricate them from managing state prisons. *Cagle v. Hutto*, 177 F.3d 253, 257 (4th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). The PLRA provides three methods for terminating such consent decrees: (1) the passage of time, 18 U.S.C. § 3626(b)(1)(A); (2) agreement by the parties, 18 U.S.C. § 3626(b)(1)(B); or (3) "if the relief was approved or granted in the absence of a finding by the court that [it was] narrowly drawn, extend[ed] no further than necessary to correct the violation of the Federal right, and [was] the least

2

intrusive means necessary to correct the violation", 18 U.S.C. § 3626(b)(2), *unless* "the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation" of a federal right (ongoing violation), and that, consistent with subpart (b)(2) above, the relief is narrowly drawn, extends no further than necessary, and is the least intrusive means, 18 U.S.C. § 3626(b)(3).

The district court held a hearing (not evidentiary) on TDCJ's motion to terminate relief, after discovery and numerous evidentiary submissions. The court found that the consent decree provided for greater prospective relief than required by federal law, and that TDCJ was entitled to termination, unless plaintiffs established that the relief remained necessary to correct an ongoing violation. *Guajardo* at 6-7. *Taking plaintiffs' allegations as true*, the court found: there was no system-wide constitutional violation showing that the prospective relief was necessary; and relief under the existing consent decree was neither narrowly drawn nor the least intrusive means to correct any individual violations. *Id*. at 49. The court noted an action pursuant to 42 U.S.C. § 1983 remains for prisoners with individual First Amendment claims. *Id*. at 50.

Plaintiffs contend the district court erred by: (1) placing the burden of proof on them to show ongoing violations rather than requiring TDCJ, the party seeking relief, to demonstrate none; (2)

3

failing to treat TDCJ's motion as one for summary judgment; and (3) taking an "all-or-nothing approach" for terminating the decree, rather than maintaining it for particular prison units or rules.

A.

A district court's allocation of the burden of proof is reviewed *de novo*; its findings of fact on whether that burden has been met, only for clear error. *E.g.*, **Stevens Shipping & Terminal Co. v. Japan Rainbow II MV**, 334 F.3d 439, 443 (5th Cir. 2003). In placing the burden on plaintiffs, the district court cited the First Circuit's decision in **Laaman v. Warden, N.H. State Prison**, 238 F.3d 14, 20 (1st Cir. 2001) (holding, to prevent termination, burden on prisoners under 18 U.S.C. § 3626(b)(3) to show ongoing violations). Noting a possible split between the First and Ninth Circuits on this point, and relying on **Gilmore v. People of the State of California**, 220 F.3d 987 (9th Cir. 2000), plaintiffs contend the burden is instead upon the party challenging the consent decree — here, TDCJ.

**Gilmore** held the district court erred by terminating a consent decree pursuant to the PLRA, including by placing the burden of proof on the prisoners to establish ongoing violations instead of requiring movant to prove its compliance with the prisoners' right of access to the courts. Plaintiffs recognize, however, that only two years after **Gilmore**, the Ninth Circuit in another PLRA action placed the burden on prisoners (movants) seeking a time extension

4

for a consent decree. **Hallett v. Morgan**, 296 F.3d 732, 741-45 (9th Cir. 2002). The court reasoned that the consent decree's impending expiration could be prevented only if movants proved ongoing violations. "The ... standard for termination does not differ materially from the standard to be applied in deciding whether prospective relief is proper." **Id**. at 743. This reasoning — placing the burden of proof under 18 U.S.C. § 3626(b)(3) on the party opposing termination of a consent decree — is in obvious tension with the earlier reasoning in **Gilmore**.

Here, the consent decree was approved before enactment of the PLRA, without the now required findings that relief be narrowly drawn, extend no further than necessary to correct the violation of a federal right, and be the least intrusive means to correct the violation of that right. 18 U.S.C. § 3626(b)(2); *see also* **Castillo v. Cameron County**, 238 F.3d 339, 351-52 (5th Cir. 2001). Therefore, the prospective relief terminates unless the district court makes these findings *and*, as discussed, also finds ongoing, system-wide violations.

TDCJ, in seeking termination, must initially establish the requisite passage of time. 18 U.S.C. § 3626(b)(1)(iii) (relief terminable upon motion of any party, but "in the case of an order issued ... before the date of enactment of the [PLRA], 2 years after such date of enactment"). As held by most courts, the burden of proof then shifts to the prisoners to demonstrate ongoing

5

violations and that the relief is narrowly drawn.  18 U.S.C. § 3626(b)(3).  *See Laaman*, 238 F.3d at 20; *Ruiz v. Johnson*, 154 F. Supp.2d 975, 984 n.12 (S.D.Tex. 2001) (observing that constitutional violations were found where prisoners met their burden of proof); *Imprisoned Citizens Union v. Shapp*, 11 F. Supp.2d 586, 604 (E.D.Pa. 1998), *aff'd sub nom. Imprisoned Citizens Union v. Ridge*, 169 F.3d 178 (3d Cir. 1999) (holding PLRA not unconstitutional for placing on prisoners burden for proving ongoing violations).

We agree with the great majority of courts to address this issue:  a plain reading of the PLRA, including its structure, imposes the burden on the prisoners.  Section 3626(b)(3) places a limitation on the termination of prospective relief under a consent decree if the court makes the requisite written findings based on the record; but the burden of proof to support these findings is obviously on the party opposing termination.  Accordingly, that burden was allocated correctly to plaintiffs.

B.

In maintaining that the district court erred by not treating TDCJ's motion to terminate as one for summary judgment, plaintiffs cite two instances in which the court characterized the motion as one for summary judgment:  at a hearing in April 1998; and during a telephonic status conference in early September 2002.  This latter instance was only 18 days before the district court ruled.

6

At the April 1998 hearing, the court instructed plaintiffs to provide

> a more refined statement of exactly what issues you believe to require additional discovery, and I would take that as a supplement to what is *essentially* a Rule 56-F motion, that is a request for additional discovery prior to the Court rendering a decision on the summary judgment motion that's pending.

(Emphasis added.) This instruction concerning additional discovery was restated in the hearing minutes. At that hearing, the court also made the following statement to plaintiffs:

> Precisely what issues, if any, would require further examination if the decree were not terminated under the PLRA.
>
> You have listed what you see as those issues.... How do they relate to the issues that were the basis of the summary judgment motion, the motion to terminate?

The other instance cited by plaintiffs is the following colloquy from September 2002:

> **THE COURT:** All right. Now I need some way to approach this in a manageable fashion. There was an indication in your [plaintiffs'] pleadings ... that it was *your assumption* that the Court was going to treat it as a motion for summary judgment. Is that correct?
>
> **[Plaintiffs' counsel]:** That is correct, Your Honor.

(Emphasis added.) The court, however, did not make any pronouncement, then or at any point during the litigation, that the motion would be treated as one for summary judgment. Indeed, the

7

words "summary judgment" are noticeably absent from the court's 54-page opinion terminating the decree, rendered 18 days after the September 2002 colloquy. *See* **Guajardo**.

Moreover, the only references by the court to summary judgment *procedure* were made in the context of managing discovery for the purpose of identifying issues relevant to terminating the consent decree. The court permitted plaintiffs to conduct additional discovery, akin to that permitted under Rule 56(f); there is, however, no basis for concluding that the court considered the motion as one for summary judgment. The court was aware of, but obviously did not agree with, plaintiffs' position that the motion should be treated in that fashion. These isolated statements in five years of litigation on the motion fall far short of reflecting that the district court considered the motion as one for summary judgment.

Consistent with their contention, plaintiffs maintain the court was obliged to view the evidence in the light most favorable to them as nonmovants. Evaluating the evidence according to this claimed summary judgment standard, plaintiffs assert they created material fact issues on ongoing constitutional violations, which entitles them to the benefit of further proceedings. *See* FED R. CIV. P. 56.

Plaintiffs provide no basis for a motion to terminate a consent decree being treated as one for summary judgment. Indeed,

8

summary judgment procedure is in tension with the framework of the PLRA, which requires the court to make written, outcome determinative findings based on the record, not intermediate written findings on whether issues of fact compel further proceedings.

In any event, the district court carefully considered each of the violations claimed by individual plaintiffs. *Guajardo* at 8-48 (plaintiffs claimed, with numerous individual allegations: (1) unnecessary delays in processing publications, in violation of the 72-Hour Rule; (2) delayed mail, resulting in a denial of access to courts; (3) improper processing and opening of special or privileged correspondence; (4) restrictions on media mail; (5) content-based denials of correspondence and publications; (6) lack of meaningful opportunity to appeal censorship decisions; and (7) retaliation). As the district court noted, the Supreme Court has required system-wide injury for system-wide injunctive relief. *Id*. at 48; *see* *Lewis v. Casey*, 518 U.S. 343 (1996). The district court found that none of the allegations, *if true*, constituted an ongoing, system-wide violation. *Guajardo* at 49. Concomitantly, it noted that prisoners claiming violations may pursue individual relief pursuant to § 1983. As the district court ruled, the prospective relief granted under the consent decree was neither narrowly drawn, extending no further than necessary to correct a

constitutional violation, nor the least intrusive means necessary to correct a constitutional violation. *Id*. at 49-50.

In so ruling, the district court noted that both sides indicated at the 6 September 2002 status conference that no evidentiary hearing was required. *Id*. at 7 n.7. Plaintiffs state they did not then seek an evidentiary hearing because they understood that the motion would be treated as one for summary judgment. Under that standard, plaintiffs note that, as nonmovants, the record would be viewed in their favor, including all inferences to be drawn from it. Because the motion was not treated in that fashion, they claim they are entitled to an evidentiary hearing. Even assuming this point was not waived in district court, plaintiffs collide, again, with the PLRA's structure.

Whether to hold a PLRA pre-termination evidentiary hearing is within the discretion of the district court; generally, to receive such a hearing, plaintiffs' submissions must allege specific facts which, if true, would amount to an ongoing violation. *See Guajardo* at 7 n.7; *Cagle*, 177 F.3d at 258. The district court concluded, however, that none of plaintiffs' allegations satisfied that requirement. *Guajardo* at 7 n.7. It did not abuse its discretion by not holding an evidentiary hearing.

10

Plaintiffs also contend the district court abused its discretion by terminating the consent decree rather than at least maintaining it (1) at certain TDCJ units where numerous ongoing violations allegedly persist; and (2) for certain rules concerning those alleged violations. Plaintiffs fail to identify either those TDCJ units or precisely the alleged violations. A PLRA termination decision is reviewed *de novo*. *See* **Castillo**, 238 F.3d at 347.

Plaintiffs' contention is contrary to the scope of the district court's findings. It evaluated the numerous individual claims for each of the claimed violations and found in each instance there was no ongoing, system-wide violation. Plaintiffs identified a number of alleged violations for the court, but these allegations were expressly rejected.

Along this line, plaintiffs fail to identify any ongoing violations the district court failed to consider. Instead, they seek to re-litigate two aspects of the terminated decree: what constitutes a "package" (claiming failure of rules to provide a standard for "what constitutes a package" had the effect of denying plaintiffs access to the courts) and the "72-Hour Rule" (claiming violation of 72-Hour Rule caused unnecessary delays in processing publications; the rule requires written notice for inmate and editor or publisher within 72 hours of the rejection of any publication, including reasons for rejection and right to appeal).

As the district court found, however, plaintiffs failed to demonstrate a system-wide constitutional violation concerning either that would require continuation of the consent decree. *Guajardo* at 12 and 26. Plaintiffs have failed to demonstrate that the court overlooked ongoing violations or was incorrect in determining past violations no longer persisted.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

12