United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21211
Summary Calendar

GUADALUPE GUAJARDO, JR.; Et Al.,

Plaintiffs,

GUADALUPE GUAJARDO, JR.,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE EXECUTIVE DIRECTOR,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-71-CV-570
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Guadalupe Guajardo, Jr., Texas inmate #170864, appeals from
the district court's denial, for lack of jurisdiction, of his
motion seeking to hold the defendant in contempt and for
injunctive relief.  Guajardo filed his motion in the underlying
class action litigation after the class plaintiffs had noticed
their appeal from the district court's final judgment terminating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the prospective relief afforded by a consent decree pursuant to provisions of the Prison Litigation Reform Act (PLRA).  See 18 U.S.C. § 3626.  This court subsequently affirmed the district court's judgment.  See Guajardo v. Texas Dept. of Criminal Justice, 363 F.3d 392 (5th Cir. 2004), petition for cert. filed, (U.S. June 11, 2004) (No. 03-1663).

"This circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." Avoyelles Sportsmen's League, Inc. v. Marsh, 715 F.2d 897, 928 (5th Cir. 1983).  Guajardo's brief nominally advances seven arguments.  However, even according his filing the benefit of liberal construction, we are able to ascertain only four distinct contentions.

Guajardo's argument that the district court could not terminate the consent decree because it was a contract is an attack on the underlying judgment terminating the consent decree, rather than a jurisdictional argument, and it does not show error on the part of the district in denying Guajardo's motion for lack of jurisdiction.  In any event, given the termination provisions of 18 U.S.C. § 3626, Guajardo's argument is without merit.  See Agostini v. Felton, 521 U.S. 203, 215 (1997).

Guajardo argues that the consent decree remained in effect during the pendency of the appeal from the district court's termination of the consent decree.  His contention fails because no party sought a stay of the district court's final judgment terminating the consent decree.  See United States v. City of Alexandria, 614 F.2d 1358, 1361 (5th Cir. 1980); FED. R. CIV. P. 62(c).

Because the district court's final judgment was not stayed, and because the judgment put an end to all prospective relief afforded by the decree, any distinction between "termination" and "vacatur" of the consent decree is without legal significance.  See 18 U.S.C. § 3626(b)(2), (7), (9).  Finally, we reject Guajardo's contention that the district court had jurisdiction over his motion pursuant to the All Writs Act.  See Williams v. McKeithen, 939 F.2d 1100, 1104 (5th Cir. 1991).

The judgment of the district court is AFFIRMED.