# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2011

No. 10-10470

Lyle W. Cayce
Clerk

RANDY STOKES, JR., on his own behalf and for all others similarly situated;
DONNA DAVIS, on her own behalf and for all others similarly situated; H.
WAYNE BLACK, on his own behalf and for all others similarly situated; PAM
J. HITT, on their own behalf and for all others similarly situated; SAMUEL RAY
GIBSON, on their own behalf and for all others similarly situated STACY L.
GRANT, on their own behalf and for all others similarly situated; KEVIN
LANKFORD, on their own behalf and for all others similarly situated

Plaintiffs–Appellees

v.

BWXT PANTEX, L.L.C.,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CV-49-J

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

BWXT Pantex, LLC ("BWXT") appeals the district court's findings of fact
and conclusions of law after a bench trial on the plaintiffs' claims that BWXT
violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*.
In its order, the district court found, *inter alia*, that BWXT "willfully" violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10470

the FLSA when it misclassified several employment positions as "exempt" and therefore denied overtime pay to employees in those positions. On appeal, BWXT argues the district court applied the wrong legal standard and impermissibly shifted the burden to BWXT to prove its actions were not "willful." After a careful review of the district court's opinion, we agree, and we vacate and remand for proceedings consistent with this opinion.

## I

The facts of this case are thoroughly laid out in the district court's memorandum opinion and order, and their repetition is unnecessary here. *See Bullard v. Babcock & Wilcox Tech. Servs. Pantex, L.L.C.*, No. 2:07-cv-49-J, 2009 WL 1704251 (N.D. Tex. June 17, 2009). In short, the named plaintiffs all work for BWXT, a U.S. Department of Energy facility that assembles and disassembles nuclear weapons, and hold various positions in the Pantex Protective Forces, the Pantex Fire Safety Department, and Pantex's training curriculum development department. BWXT classified all of the positions as "exempt" for FLSA purposes, and plaintiffs sued to be classified as "non-exempt" so they could obtain overtime pay. After a bench trial, the district court issued a forty-seven page order in which it found that six of the challenged positions were properly classified as exempt and that four positions were wrongfully classified as exempt. *Id.* at *28. The district court found that BWXT acted willfully and did not act in good faith by wrongfully classifying these four positions, and the court awarded plaintiffs holding those positions three years of unpaid overtime compensation and an equal amount in liquidated damages. *Id.*

BWXT appeals solely the district court's finding that it "willfully" violated the FLSA, which served as the basis for BWXT being liable for three—rather than two—years' worth of overtime back pay by extending the FLSA's statute of limitations, on the ground that the district court conflated the willfulness

analysis with the "lack of good faith" analysis.  While BWXT admits the district court briefly referenced the proper legal standard in the "liquidated damages" section of its "conclusions of law," *id.* at \*7, it argues that the district court's findings of fact (under the "Damages" heading and "Willfulness" subheading) applied the "lack of good faith" standard for liquidated damages and impermissibly placed the burden on BWXT to show its "lack of willfulness."  *See id.* at \*20–26.

## II

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo."  *Bd. of Trs. New Orleans Emp'rs Int'l Longshoremen's Ass'n v. Gabriel*, 529 F.3d 506, 509 (5th Cir. 2008) (quoting *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006)).  Accordingly, we review the allocation of the burden of proof de novo and the decision on whether the party met that burden for clear error.  *See Guajardo v. Tex. Dep't of Criminal Justice*, 363 F.3d 392, 395 (5th Cir. 2004) (per curiam).  "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court based on all the evidence is left with the definitive and firm conviction that a mistake has been committed.  However, factual findings made under an erroneous view of controlling legal principles are reviewed *de novo*."  *Flint Hills Res. LP v. Jag Energy, Inc.*, 559 F.3d 373, 375 (5th Cir. 2009) (internal quotation marks and citation omitted).  "If the district court's factual findings are insufficient to allow this Court to review the judgment below, then we must vacate the judgment and remand for more detailed findings."  *Colonial Penn Ins. v. Mkt. Planners Ins. Agency Inc.*, 157 F.3d 1032, 1037 (5th Cir. 1998) (citation omitted).

Under the FLSA, a violation is "willful" if the employer either "'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.'"  *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting

No. 10-10470

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  The burden of showing that an FLSA violation was "willful" falls on the plaintiffs.  *See id.*; *see also Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) ("Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim.").  On the other hand, an employer who violates the FLSA is liable for liquidated damages equal to the unpaid overtime compensation unless, after concluding that the employer acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA, the district court declines to award liquidated damages (or reduces the amount).  29 U.S.C. § 260. We have explained that demonstrating good faith and reasonable grounds is a "substantial burden" borne by the *employer*.  *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998).  We have previously refused to read the "good faith" and "willful" provisions together.  *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 & n.4 (5th Cir. 1999) (using FLSA to interpret similar provision in Family and Medical Leave Act); *Peters v. City of Shreveport*, 818 F.2d 1148, 1167–68 (5th Cir. 1987), *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).  A finding that the defendant failed to show good faith, therefore, does not mean that the plaintiffs showed that the defendant willfully violated the statute.

Examining the district court's order, we agree that the district court applied the incorrect legal standard and misplaced the burden of proof.  The district court's findings of fact specifically examine the arguments BWXT "offers as evidence of its lack of willfulness," going through the defendant's arguments in methodical fashion and concluding that several pieces of evidence "put the Defendant on reasonable notice" that it may be violating the FLSA.  *Bullard*, No. 2:07-cv-49-J, 2009 WL 1704251, at *20.[1]  The order examines a letter from

---

[1] BWXT also argues the district court improperly applied an outdated and rejected test for willfulness found in *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139, 1142 (5th Cir. 1972)

No. 10-10470

BWXT's counsel, which the district court evaluated for the proposition that "reliance on opinion letters from counsel can show a good faith effort to comply with" the FLSA, *id.* at *21 (internal quotation marks and citation omitted), and concludes that the cursory inquiry made by the attorney was "insufficient to support a finding of good faith." *Id.* at *22. It also examines four Department of Labor opinion letters "offered [as evidence of] Defendant's good faith," *id.* at *22, and concludes that three letters are basically irrelevant and that all of them "gave notice to the Defendant that it ought to investigate whether it was in compliance with FLSA regulations" and that "[t]hey should have made the Defendant *suspect*" that at least some of the positions were non-exempt. *Id.* at *24. The district court concludes by finding that BWXT did not act in good faith by classifying the four positions as non-exempt, and states that "[t]hese were willful mis-classification decisions." *Id.* at *26.

The plaintiffs argue that the district court's early and cursory citation to *McLaughlin*, as well as the trial record itself, suffices to show the district court applied the correct law. Yet the "findings and conclusions we review must . . . allow us to determine rather than speculate that the law has been correctly applied." *Corley v. Jackson Police Dep't*, 566 F.2d 994, 1000 n.8 (5th Cir. 1978). Nowhere in its order does the district court find that BWXT "knew or showed reckless disregard for" whether it was violating the FLSA, as required to support a finding that it willfully violated the FLSA. Nor does it ever look to what evidence the plaintiffs put forward to support such a finding. Rather, the order conducts a good faith/reasonable grounds analysis—properly placing the burden

(finding willful violation when "there is substantial evidence in the record to support a finding that the employer knew or suspected that his actions might violate the FLSA"), *abrogated by McLaughlin*, 486 U.S. 128. While some of the district court's findings of fact could be read to align with this standard, we believe any similarity is most likely explained by the district court's application of the good faith/reasonable grounds test, as the district court does not cite to *Jiffy June* anywhere in its opinion. Resolution of this issue, however, is unnecessary for purposes of this appeal.

5

No. 10-10470

on BWXT—and, at the same time, summarily concludes that BWXT's actions were willful. While we have the utmost respect for the district court—and are otherwise impressed with the thoroughness with which it addressed the claims in this complex case—the findings of fact, at best, leave us doubtful the correct legal standard was applied to the plaintiffs' claim that BWXT willfully violated the FLSA.

Because the district court's findings of fact on this issue were made under an erroneous view of controlling legal principles, we review those findings de novo. The factual findings all relate to what BWXT did not prove—rather than what plaintiffs did prove—and do not address whether BWXT either knew or showed reckless disregard for whether it was violating the FLSA. The district court's factual findings therefore are insufficient for us to review the issue even under a de novo standard of review. It is therefore appropriate for us to vacate the final judgment and remand the case back to the district court for it to make additional factual findings and decide the issue using the correct legal standard and placing the burden of proof on the plaintiffs.

### III

For the foregoing reasons, we vacate the judgment below and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.