**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 31, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS H. PORTER; RICKEY
RAY REDFORD; ROBERT DEMASS;
DENNIS HOUSE; ROBERT
FRANCIS SMITH, JR.; LYLE C.
SANDERS; DONALD E.
ALEXANDER; ANTHONY R.
PALOCIOZ; JOSEPH F. EDWARDS;
LESLIE KEITH KIMBALL;
RANDALL WILLIAM MURPHY,

      Plaintiffs,

v.

HONORABLE BILL GRAVES;
RAYMOND ROBERTS; CHARLES
E. SIMMONS,

      Defendants-Appellees.

------------------------------

THOMAS ODELL KELLY;
KENNETH JACKSON,

      Movants,

and

KENNETH D. LEEK,

      Movant - Appellant.

No. 14-3107
(D.C. No. 3:77-CV-03045-RDR)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Kenneth Leek appeals the district court's denial of his motion to enforce a consent decree, originally filed in 1980, governing the Lansing Correctional Facility (LCF) in Lansing, Kansas. He claims LCF is operating contrary to the terms of the consent decree, and asks for equitable relief from the court to reduce inmate levels from those currently maintained.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

# I. Background

In 1977, inmates at the Kansas State Penitentiary (now LCF) sued the Governor and the Secretary of Corrections, among others, alleging the conditions of confinement at that institution unconstitutionally jeopardized the inmates' health, safety, and welfare. The parties entered into a consent decree in 1980. The case was subsequently reopened and the district court issued an order in 1989

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

requiring Kansas State Penitentiary (KSP) to maintain American Correctional Association (ACA) accreditation and setting "operating capacities" for each of KSP's buildings.  R., Doc. 206.  This order also mandated that no more than three inmates be housed in any of the cells in KSP's Cellhouse C.  In 1996, the district court took steps to close the case and, in doing so, issued a temporary order which stated that, "Only the failure to maintain accreditation or the Department exceeding operation capacities for thirty continuous days shall be cause for plaintiffs to petition the Court to reopen the case . . . ."  R., Doc. 596 at 3.  The 1996 order also granted the defendants the ability to adjust operating capacities without notice to the plaintiffs and without court approval.  Several months later, the court issued a final order closing the litigation and adopting the earlier temporary order.

In early 2014, Kenneth Leek filed a motion to enforce the consent decree and to appoint a special master to investigate conditions at Kansas's medium-security correctional facilities.  Leek cited documents from the Kansas Department of Corrections (KDOC) that projected a future shortage of beds for medium custody inmates and alleged that KDOC had begun the process of installing a fifth bed in each of LCF Cellhouse C2's four-man cells.  Leek pointed to the district court's 1989 order limiting those cells to three inmates each.  Attached to the motion were eleven affidavits from other prisoners asserting that the living conditions were already too cramped.

The defendants subsequently filed a motion to dismiss which the district court granted. In so doing, the district court referenced its 1996 order in which it had declared it would only reopen the case if LCF exceeded operating capacities for thirty consecutive days or failed to maintain accreditation. The district court found that Leek had not alleged either of these conditions. Leek then filed a motion for reconsideration in which he argued, for the first time, that LCF had failed to maintain accreditation. The district court denied Leek's motion. In addition to relying on its previous grounds, the court also found the motion to enforce should be dismissed because it was, in essence, an untimely motion to intervene.

## II. Analysis

On appeal, Leek argues the district court erred by (1) failing to liberally construe the allegations in his initial motion, and (2) ruling that his motion was untimely. We review denial of a motion to enforce a consent decree for abuse of discretion. *See Floyd v. Ortiz*, 300 F.3d 1223, 1227 (10th Cir. 2002). Likewise, we review a district court's ruling on the timeliness of a motion to intervene for abuse of discretion. *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

### A. Leek's Motion to Enforce

Leek contends the district court abused its discretion by failing to liberally construe his motion to enforce the consent decree. Leek first argues that the

decision to add a fifth bed to each cell in Cellhouse C2 shows that four beds are insufficient to house the current inmate population and that this fact, coupled with the court's 1989 order limiting those cells to three inmates each, demonstrates that LCF is exceeding its operating capacity. Second, although he admits he never directly addressed ACA accreditation in his motion, Leek contends the district court should have construed the motion to make such an allegation because increasing cell capacity from three to five "would never stand up to ACA scrutiny." Aplt. Br. at 4. As noted above, the district court has previously established that "[o]nly the failure to maintain accreditation or the Department exceeding operation capacities for thirty continuous days shall be cause for plaintiffs to petition the Court to reopen the case . . . ." R., Doc. 596 at 3.

Although we liberally construe pro se materials, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Our "broad reading of [pro se materials] does not relieve the plaintiff of the burden of alleging sufficient facts on which a . . . claim [can] be based." *Id.*

We agree with the district court that Leek failed to allege either that LCF exceeded operating capacities for thirty continuous days or that it failed to maintain the required accreditation. As it relates to Leek's overcrowding argument, the 1996 order established that this case could only be reopened if "operation capacities"—by which it presumably meant "operating capacities," a

term referring to the population of facilities as a whole—were exceeded for thirty continuous days. Although a court could construe Leek's motion as alleging that, at times, four inmates have been placed in three-person cells, nothing in his motion or the accompanying affidavits speaks to the total population or operating capacity of either LCF or Cellhouse C. Nor has Leek clearly alleged that the overcrowding is continuous—thus meeting the thirty-day threshold—as opposed to merely sporadic.

As to the accreditation requirement, Leek admits that he did not address it in his original motion and instead asks us to "surmise" that the increase in cell capacity "would never stand up to ACA scrutiny." Aplt. Br. at 4. In making this argument, however, Leek points to no ACA rules or regulations that would allow us to determine what exactly "ACA scrutiny" currently entails. Because "it is not the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall*, 935 F.2d at 1110, a liberal construction of Leek's motion cannot excuse his failure to plead sufficient facts.

In sum, the district court did not err in its construction of the motion to enforce.

### B. Timeliness

As the district court correctly determined, Leek's motion to enforce a consent decree to which he was not a party implicitly contains a motion to intervene under Federal Rule of Civil Procedure 24. Leek now challenges the

-6-

district court's ruling that the motion to intervene was untimely and thus impermissible under Rule 24.

By its terms, Rule 24 only permits "*timely* intervention." Fed. R. Civ. P. 24 (emphasis added). Timeliness is assessed "in light of all of the circumstances," including: (1) "the length of time since the applicant knew of his interest in the case," (2) "prejudice to the existing parties," (3) "prejudice to the applicant," and (4) "the existence of any unusual circumstances." *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984).

Even assuming that Leek filed immediately upon learning of his interest in the case, the district court did not abuse its discretion in finding the motion was untimely. There have been significant developments in the law governing prison conditions in the eighteen years since the district court originally closed the case. For example, in 1996 Congress established new rules and procedures for prisoner litigation under the Prison Litigation Reform Act (PLRA). Among other provisions, the PLRA included new exhaustion requirements, *see* 42 U.S.C. § 1997e, and new standards for injunctions and prospective relief, *see* 18 U.S.C. § 3626(b). As to the last point, the PLRA "strongly disfavors continuing relief through the federal courts; indeed, its 'fundamental purpose' [is] to extricate them from managing state prisons." *Guajardo v. Tex. Dep't of Crim. Justice*, 363 F.3d 392, 394 (5th Cir. 2004). Because this case originally was closed shortly after the

-7-

PLRA was passed, the district court never had the opportunity to apply the Act's requirements. R., Doc. 625 at 1–2.

In addition, it is likely that there have been significant factual developments concerning KDOC's facilities and operations in those eighteen years. The intervening changes in the law and facts over this period are unusual circumstances upon which the district court was free to base its decision. The changed factual conditions also may constitute prejudice to the defendants, as it would be inequitable to force them to litigate from such an outdated factual background.

Finally, Leek will not be prejudiced by the district court's denial of leave to intervene. Although Leek is correct in arguing that he would not be able to enforce the consent decree in a separate action filed under 28 U.S.C. § 1983, he can still bring a § 1983 action alleging direct violations of the Eighth Amendment. The added requirement that Leek show an actual constitutional violation is not prejudicial because—even in the current case—Leek must prove an ongoing violation of federal rights if he wishes to prevent the defendants from terminating the consent decree as outdated under the PLRA. *See* 18 U.S.C. § 3626(b)(1)–(3).

We cannot say the district court abused its discretion in denying Leek leave to intervene given the changed circumstances in this case and the lack of prejudice to Leek.

# III. Conclusion

For the reasons stated above, we find no error in the district court's denial of the motion to enforce. The judgment of the district court is AFFIRMED and Leek is hereby reminded that he must continue making partial payments on his filing fee under the district court's order of June 26, 2014.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge