Cite as: 607 U. S. \_\_\_\_ (2025)          1

# SUPREME COURT OF THE UNITED STATES

## SUSAN HUTSON *v.* UNITED STATES, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 24–1022.    Decided November 17, 2025

The petition for a writ of certiorari is denied. JUSTICE
GORSUCH would grant the petition for a writ of certiorari.

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting from the denial of certiorari.

I would have granted certiorari to terminate the
longstanding and unlawful prison-building order at the center of this case. In 2019, the District Court ordered New
Orleans to construct a new facility for inmates with mental-health needs. Yet the Prison Litigation Reform Act of 1995
(PLRA) specifically states that "[n]othing in this section
shall be construed to authorize the courts, in exercising
their remedial powers, to order the construction of prisons."
18 U. S. C. §3626(a)(1)(C). If a court issued an injunction
in violation of the PLRA, then a party "shall be entitled to
the immediate termination of any prospective relief."
§3626(b)(2); see *Miller* v. *French*, 530 U. S. 327, 331 (2000).
Thus, because the prison-building injunction was illegal
from the beginning, the courts below should have terminated it.

The lower courts further erred by failing to terminate the
injunction for a second, independent reason. Even if an injunction complied with the PLRA when it was issued, the
injunction "shall be terminable . . . 2 years after the date
the court granted or approved the prospective relief."
§3626(b)(1)(A)(i). Here, the New Orleans sheriff filed a
"'motion to terminate all orders regarding the construction
of the Phase III jail'" four years after the court granted the
injunction. App. to Pet. for Cert. 81a. At that point, the

District Court could maintain the injunction only if it found the injunction "remains necessary to correct a current and ongoing violation," "extends no further than necessary," and "is narrowly drawn and the least intrusive means to correct the violation." §3626(b)(3). There is a Circuit split about which party bears the burden at this stage of the litigation.* But Fifth Circuit precedent places the burden on the party supporting the injunction—not the party seeking termination. *Guajardo* v. *Texas Dept. of Crim. Justice*, 363 F. 3d 392, 395–396 (2004) (*per curiam*). Here, the lower courts did not hold the Government or private plaintiffs to their burden. Rather, the courts below denied the sheriff's termination motion because it provided no "basis for the district court to grant it." *Anderson* v. *Hutson,* 114 F. 4th 408, 420 (CA5 2024). That gets the inquiry backwards. It was not the sheriff's burden to provide a basis for termination; it was the opposing parties' burden to show a basis for maintaining the injunction.

In short, the Fifth Circuit erroneously resolved an important issue of federal law on which there is a Circuit split. This case cried out for our review. By failing to intervene, we leave New Orleans to pay for the Fifth Circuit's serious errors. I respectfully dissent.

————————

*Compare *Balla* v. *Idaho*, 29 F. 4th 1019, 1025 (CA9 2022) ("'[T]he burden is on the movant to demonstrate that there are no ongoing constitutional violations, that the relief ordered exceeds what is necessary to correct an ongoing constitutional violation, or both'"), with *Laaman* v. *Warden, N. H. State Prison*, 238 F. 3d 14, 20 (CA1 2001) ("[T]he burden remains on the plaintiffs to show that such violations persist").